IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL NO. 4:12-CR-266-SDJ-KPJ |
| | § |
| STEVEN DANIEL LENTZ | § |
| | § |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on March 29, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Brian O'Shea. The Government was represented by Marissa Miller.

On November 12, 2013, United States District Judge Thad Heartfield sentenced Defendant to a term of ninety (90) months' imprisonment followed by five (5) years of supervised release. On April 26, 2019, Defendant completed his term of imprisonment and began serving the term of supervision. On February 22, 2022, this case was assigned to United States District Judge Sean D. Jordan.

On March 2, 2022, the U.S. Probation Officer filed the Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 59). The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct, not limited to the sexual exploitation of children; (2) Defendant shall not attempt to remove, tamper with, or in any way circumvent the monitoring software and shall disclose all online account information (including user names and passwords) to the United States Probation Office; (3) Defendant shall comply with

1

the requirements of the Sex Offender Registration and Notification Act, as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he resides, works, is a student, or was convicted of a qualifying offense; and (4) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. *See* Dkt. 59.

The Petition asserts Defendant violated the foregoing conditions as follows:

1. On February 2, 2022, Defendant's cell phone internet activity revealed that, throughout the month of January, Defendant viewed numerous sexually explicit images of nude males. On February 5, 2022, Defendant submitted a monthly report form and a written admission that he viewed "nudity of adult men."
2. Screenshots obtained through a monitoring software and a physical search of Defendant's cell phone revealed that Defendant had two email accounts that were not disclosed to the U.S. Probation Office. Additionally, screenshots obtained through a monitoring software revealed Defendant deleted his search history in Etsy and Google to circumvent the monitoring software and avoid detection.
3. Defendant failed to provide the undisclosed email addresses to the Denton Police Department ("DPD") within seven days, as required by the sex offender registration instructions. DPD provided a copy of Defendant's most recent registration, in which Defendant indicated that he understood his responsibility to report any change in online identifiers.
4. During a virtual home visit on January 27, 2022, Defendant stated he did not know why he failed his polygraph examination, and he denied any disclosures or inappropriate behavior. On January 18, 2022, Defendant emailed the following statements with regard to his failed polygraph examination: "Trust me when I tell you that I am being truthful about everything, I am. I'll do what ever [sic] I need to prove that."

On March 29, 2022, the Court conducted a final revocation hearing on the Petition. *See* Dkt. 72. Defendant entered a plea of true to allegations one, two, and four, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the United States Magistrate Judge. *See* Dkts. 72, 73. The Government moved to dismiss allegation three, which the Court granted. *See* Dkt. 72. The Court finds that Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the March 29, 2022 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, to be served consecutively to any other sentence imposed, followed by thirty-six (36) months of supervised release under the same conditions previously imposed. The Court further recommends Defendant be placed at a Federal Bureau of Prisons facility in North Texas, if appropriate.

**So ORDERED and SIGNED this 31st day of March, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE